IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVE BODNAR,            )
                         )
Petitioner,              )
                         )
vs.                      )   NO. 3:06-CV-706
                         )
STANLEY KNIGHT,          )
                         )
Respondent.              )

### OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Petitioner, Steve Bodnar, on October 10, 2006.  For the reasons set forth below, Bodnar's habeas corpus petition is **DENIED** pursuant to section 2254 Habeas Corpus Rule 4.

DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Bodnar attempts to challenge his demotion to credit class 3 and 180-day loss of good time in case MCF-06-07-0076 on July 13, 2006, by the Miami Correctional Facility Disciplinary Hearing Board (DHB).  At

that hearing he was found guilty of violating state law in violation of A-100 by stalking in violation of INDIANA CODE 35-45-10-5. Though his petition lists three grounds for challenging this finding of guilt, it appears he has merely re-written the same ground three times because there is space for three grounds provided on the form he used. After review, it is clear there is only one ground for this challenge: insufficiency of the evidence presented. Bodnar claims he is not guilty of stalking and that there was not sufficient evidence presented to support the finding of guilt.

Though this is a new stalking charge, it is not the first time Bodnar has litigated stalking issues in this Court. In *Bodnar v. Allen*, 2:05-CV-198 RL (N.D. Ind. filed May 18, 2005), Bodnar sued Lakeside correctional officials for punishing him for violating a protective order. The case was dismissed. In *Bodnar v. Sisson*, 2:05-CV-199 RL (N.D. Ind. filed May 18, 2005), Bodnar sued a private attorney and a deputy prosecutor for notifying prison officials that he was violating a protective order and requesting that they prevent him from doing so again. The case was dismissed because it was not improper for those attorneys to enforce the restraining order. In *Bodnar v. Sisson*, 2:06-CV-077 RL (N.D. Ind. filed March 2, 2006), Bodnar again sued the same private attorney and deputy prosecutor for obtaining an order restricting his filings in the Porter Superior Court. The case was dismissed because the state court did not violate his rights when it restricted him because of his abusive filings. All

three of those civil rights cases involved abusive contacts with the same victim he is again accused of stalking in this case.

In *Bodnar v. VanNatta*, 3:05-CV-239 AS (N.D. Ind. filed April 21, 2005), Bodnar filed a habeas corpus petition challenging a DHB finding that he was guilty of stalking this same victim. The finding of guilt was upheld and the habeas corpus petition was denied. In *Bodnar v. VanNatta*, 3:05-CV-377 AS (N.D. Ind. filed June 20, 2005), Bodnar filed a habeas corpus petition challenging another DHB finding that he was again guilty of stalking the same victim. That finding of guilt was also upheld and the habeas corpus petition denied.

Now in this case, after having been found guilty of stalking at least twice before, Bodnar argues that he was not stalking because the restraining order had expired and his letter of apology could not possibly be considered terrorizing, frightening, intimidating, or threatening. Bodnar is wrong. Guilt of stalking is not dependant upon a restraining order. Bodnar pursued this victim such that a restraining order was necessary and issued, yet he did not stop. He continued to pursue her even from prison and was punished for stalking at least twice before. He has pursued her vicariously by suing prison officials who enforced the order restraining him and by twice suing a private attorney and a deputy prosecutor for enforcing that order. Notably, the way Petitioner attempted to use the state court as a tool to victimize her resulted in the state court judge ordering the prison to no longer permit him to write to that court.

Bodnar says his true intent was merely to apologize, but that is irrelevant. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite

-4-

conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, his admission that he wrote a letter to the victim he has repeatedly, illegally pursued in the past more than satisfies the requirement that there be some evidence of stalking.

CONCLUSION

For the reasons set forth above, Bodnar's habeas corpus petition is **DENIED** pursuant to section 2254 Habeas Corpus Rule 4.

DATED:  October 17, 2006              /s/RUDY LOZANO, Judge
                                      United States District Court